Dear Ms. Bihm:
In your opinion request of recent date you request a legal opinion regarding the accumulation of advance funds in parish clerk of courts offices. In this particular situation, the balances have been on the books for approximately eighteen years. The majority of the balance arose from a journal entry made by the Clerk's auditors to "adjust to actual".
You state it appears that the journal entry was to agree the advance fund account to the cash on hand. However, the balance was never reconciled to actual cases. In later years, the Clerk engaged an accounting firm to reconcile and verify this account, but to no avail.
You advise the Clerk is of the opinion that a portion of the balance is attributable to clerk fees that were never recognized as income and possibly a portion due to others for undisbursed case fees.
You inquire as to the appropriate distribution of these monies. We have discussed your problem with Mr. Grover C. Austin, Assistant Legislative Auditor, phone 504-339-3869, and he advises that the true issue, apparently, is whether or not the unreconciled monies are truly the result of untransferred fees due the Clerk or just unidentified amounts abandoned by litigants.
First, note that LSA-R.S. 13:781 andLSA-R.S. 13:842 provide, respectively:
§ 781. Clerk's salary fund.
 A. Except as provided in R.S. 13:783(C), the clerk of the district court shall collect all fees and charges due his office and deposit them in a fund known as the Clerk's Salary Fund. The clerk shall keep an accurate set of books in connection with this fund showing all receipts of his office, including notarial fees, and all expenditures. On or before the tenth of October each year, he shall render a statement from the books for the fiscal year beginning July first and ending June thirtieth to the police jury of the parish.
 B. A clerk who fails to comply with this Section shall forfeit to the parish fifty percent of the compensation received by him under R.S. 13:782.
* * * * *
§ 842. Advanced costs.
 A. The clerks of the district courts shall demand and receive from the plaintiff or plaintiffs in each ordinary suit, whether accompanied by conservatory writs or not, not less than twenty dollars or such other amount as may be fixed by law for advanced costs, to be disbursed to the clerk's salary fund or to others as their fees accrue. Whenever the costs have exhausted the amount of the original advance deposit, the clerk may refuse to perform any further function in the proceeding until the additional costs for the function have been paid, in accordance with the fees set forth in R.S. 13:841 or, in Orleans Parish, in R.S. 13:1213.
 B. After an ordinary suit has been filed, if a period of five years elapses without any pleadings being filed and the suit has been completely inactive during this five-year period, the clerk shall refund any unused balance remaining in the Clerk's Advance Deposit Fund (to the credit of this particular suit) to the person who made the original deposit, after paying all fees or other charges of record in the suit. Probate matters are specifically excepted from the provisions of this Subsection B.
It is legally permissible to transfer from your advance account to the clerk's salary fund those fees which have been earned by the clerk under LSA-R.S. 13:781. In accord are Attorney General Opinions 93-273 and 87-836.
However, should it be determined that the monies are in fact abandoned, note that the provisions of the Louisiana Uniform Unclaimed Property Act would govern. LSA-R.S. 9:164 provides:
 § 164. Property held by courts and public agencies; exception
 Intangible personal property held for the owner by a court, state, or other government, governmental subdivision or agency, public corporation, or public authority which remains unclaimed by the owner for more than one year after becoming payable or distributable is presumed abandoned; however, the bonds and the coupons or interest payments incidental thereto issued by a public entity, which remains unclaimed by the owner for more than five years after becoming payable or distributable, are presumed abandoned.
It is therefore incumbent on the Clerk and his CPA to determine what the true nature of the funds are, in order to resolve the inquiry. If the funds are determined to be abandoned, said funds should be forwarded to the State Treasury. See Attorney General Opinion 90-654, attached.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: April 4, 1996 Date Released: May 9, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL